UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UMG RECORDINGS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOES 1-199, <br><br> Defendants. | Civil Action No. 04-093 (CKK) |

**MEMORANDUM OPINION**
(March 10, 2004)

Before the Court is Plaintiffs' motion for leave to take expedited discovery. Plaintiffs are record companies suing a series of John Doe Defendants for copyright infringement. Plaintiffs request permission to serve limited, immediate discovery on Verizon, a third party internet service provider ("ISP"), in the form of a Rule 45 subpoena. Plaintiffs seek the true identities of Defendants, including each Defendant's true name, address, telephone number, email address, and Media Access Control address.

According to Plaintiffs' complaint, each Defendant uses an online media distribution system to download Plaintiffs' copyrighted works, distribute these works to the public, and/or make copyrighted works available for distribution to others. Pls' Mot. at 2. Although Plaintiffs do not know Defendants names, Plaintiffs have identified each Defendant by a unique internet protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. *Id.* Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that it belongs to Verizon. *Id.*

Public Citizen, the American Civil Liberties Union ("ACLU"), the Electronic Frontier Foundation, and the ACLU of the National Capitol Area have collectively requested leave to file a memorandum as *amici curiae* addressing Plaintiffs' motion. *See Amici* Mot. Plaintiffs oppose this motion, stating that the issues raised by *amici* are premature. Plaintiffs point out that no party has raised the issues *amici* raises in its memorandum, and that it is well established that *amici* cannot inject issues into a case which have yet to be raised by a party. Pls' Opp. to *Amici* Mot. at 1, 5; *see McCleskey v. Zant*, 499 U.S. 467, 523 n.10 (1991). While Plaintiffs are correct that *amici* raise issues prematurely, the constitutional and procedural issues identified by *amici* can be resolved in the ordinary course of this litigation at the appropriate time. Accordingly, the Court shall Grant *amici*'s motion for leave to file.

It is clear to the Court that Defendants must be identified before this suit can progress further. The Court shall grant Plaintiffs' request for expedited discovery, with certain limitations outlined herein. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint.

If and when Verizon is served with a subpoena, Verizon shall give written notice, which may include email notice, to the subscribers in question within five business days. If Verizon

and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena.

An appropriate Order accompanies this Opinion.

March 10, 2004

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UMG RECORDINGS, *et al.*,

Plaintiffs,

v.

JOHN DOES 1-199,

Defendants.

Civil Action No. 04-093 (CKK)

ORDER
(March 10, 2004)

In keeping with the accompanying Memorandum Opinion, it is this 10th day of March, 2004, hereby

ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [5] is GRANTED. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint. If and when Verizon is served with a subpoena, Verizon shall give written notice, which can include use of email, to the subscribers in question within five business days. If Verizon and/or any Defendant want to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. It is further

ORDERED that Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena; it is further

ORDERED that the Motion of Public Citizen, the American Civil Liberties Union, the Electronic Frontier Foundation and the ACLU of the National Capitol Area to file as *amici curiae* [6] is GRANTED.

March 10, 2004

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge