From:SOBLE & ROWE LLP          734 662 0552          05/06/2004 14:15 #224 P.002/005

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BMG MUSIC, a New York general partnership;
ATLANTIC RECORDING CORPORATION,
a Delaware corporation; ELEKTRA
ENTERTAINMENT GROUP INC., a Delaware
corporation; MOTOWN RECORD COMPANY, L.P.,
a California limited partnership; ARISTA
RECORDS, INC., a Delaware corporation;
WARNER BROS. RECORDS INC., a Delaware
corporation; CAPITOL RECORDS, INC., a
Delaware corporation; SONY MUSIC
ENTERTAINMENT INC., a Delaware
corporation; UMG RECORDINGS, INC., a
Delaware corporation; VIRGIN RECORDS
AMERICA, INC., a California corporation;
and MAVERICK RECORDING COMPANY,
a California joint venture,

    Plaintiffs,

v.

DOES 1 - 9,

    Defendants.
_____/

Case No. 5:04-cv-58

Hon. Wendell A. Miles

### ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

The plaintiffs in this action have asserted claims of copyright infringement against nine unknown or "Doe" defendants. The complaint, filed on April 28, 2004, alleges that each defendant disseminated over the Internet copyrighted musical works owned or controlled by the plaintiffs, doing so without plaintiffs' consent or permission.

The matter is currently before the court on Plaintiffs' *Ex Parte* Motion for Leave to Take Immediate Discovery (docket no. 3). Plaintiffs' motion is supported by the Declaration of Jonathan Whitehead (docket no. 6). In their motion, which is made *ex parte* because plaintiffs do not

From:SOBLE & ROWE LLP        734 662 0552        05/06/2004 14:16 #224 P.003/005

currently know the names of the defendants, plaintiffs seek discovery in advance of the conference provided by Fed.R.Civ.P. 26(f) so that they may obtain information which will enable them to identify and serve the defendants. More specifically, plaintiffs seek leave to serve a Fed.R.Civ.P. 45 subpoena on Michigan State University ("MSU"), which plaintiffs contend they have been able to identify as the Internet Service Provider of each of the defendants. Although the plaintiffs do not so state in their motion, the court has inquired of plaintiffs whether they have notified MSU of the pendency of this action and of the motion for discovery. Plaintiffs have responded to these inquiries in the affirmative, and have represented that MSU has communicated to plaintiffs that it does not intend to object to the discovery.

Given plaintiffs' allegations, it is apparent that this action will not advance to service of the summons and complaint unless and until plaintiffs are able to learn the defendants' identifying information. For that reason, the court GRANTS the plaintiffs' motion and hereby ORDERS as follows:

1. Plaintiffs may serve immediate discovery on MSU to obtain the identity of each Doe defendant by serving a Fed.R.Civ.P. 45 subpoena that seeks information sufficient to identify each Doe defendant. This information shall be limited to the name, address, telephone number, e-mail address, and Media Access Control address for each defendant.

2. Any information disclosed to plaintiffs by MSU in response to the subpoena may be used by plaintiffs solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

3. Plaintiffs shall serve upon MSU a copy of this Order together with any subpoena.

Ordered this 6th day of May, 2004.

/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge