7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 04-WM-548 (PAC)

FONOVISA, INC.,
CAPITOL RECORDS, INC.,
MAVERICK RECORDING CO.,
LONDON-SIRE RECORDS INC.,
ARISTA RECORDS, INC.,
BMG MUSIC,
INTERSCOPE RECORDS,
PRIORITY RECORDS LLC,
SONY MUSIC ENTERTAINMENT INC.,
VIRGIN RECORDS AMERICA, INC.,
UMG RECORDINGS, INC.,
WARNER BROS. RECORDS INC.,
MOTOWN RECORD COMPANY, L.P.,
ELEKTRA ENTERTAINMENT GROUP INC., and
ATLANTIC RECORDING CORPORATION,

    Plaintiffs,
v.

DOES 1-67,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR - 8 2004

GREGORY C. LANGHAM
CLERK

---

## ORDER

Miller, J.

    This matter is before me on the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery ("Application"), filed March 23, 2004. Having considered the Application, Plaintiffs' memorandum of law in support of the Application, and the Declaration of Jonathan Whitehead, I conclude that the Application should be granted, as modified below.

    On March 23, 2004, Plaintiffs filed a complaint for copyright infringement against

sixty-seven John Doe defendants ("Defendants"). The complaint alleges that Defendants distributed and/or duplicated copyrighted sound recordings owned or controlled by the Plaintiffs without Plaintiffs' authorization via an online media distribution system in violation of 17 U.S.C. § 501. However, Plaintiffs are only able to identify Defendants with an unique Internet Protocol ("IP") address; they do not know Defendants' names or any other identifying information.

Consequently, Plaintiffs seek permission to obtain immediate discovery from Defendants' Internet Service Provider ("ISP"), Level 3 Communications, LLC ("Level 3"), whose subscriber activity log files would allow Plaintiffs to discover Defendants' identities. Specifically, they wish to serve a subpoena on Level 3 pursuant to Fed. R. Civ. P. 45, seeking each Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address.[1]

Under Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless authorized by a court order or agreement of the parties or when otherwise allowed under the Rules of Civil Procedure. A court order allowing expedited discovery will issue only upon a showing of good cause. *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Pod-ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002).

Here, Plaintiffs argue that their immediate need of the data in the subscriber

---

[1] A MAC address is the hardware address that uniquely identifies each node, or processing location (such as a computer), of a network. *See* Webopedia, *at* http://www.webopedia.com/TERM/M/MAC_address.html (accessed Apr. 5, 2004).

2

activity logs establishes good cause. They indicate that ISPs such as Level 3 typically keep these logs for brief periods of time before erasing the data they contain. Plaintiffs might never identify the Defendants without obtaining access to the data contained in the logs. *See* Decl. Johnathan Whitehead Supp. *Ex Parte* App., at ¶ 22.

Under these circumstances, Plaintiffs have established good cause. Good cause exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest*, 213 F.R.D. at 419. *See also Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002) (Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party").

However, given the fact that Plaintiffs' Application was *ex parte*, Plaintiffs should serve a copy of this Order along with the subpoena. Further, Level 3 may move to quash the subpoena within ten days of being served with the subpoena.

Accordingly, it is ORDERED:

1. Plaintiffs' *Ex parte* Application for Leave to Take Immediate Discovery, filed March 23, 2004, is granted. Plaintiffs may serve a Rule 45 subpoena upon Level 3 Communications, LLC that seeks information sufficient to identify each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address.

2. Any information disclosed to Plaintiffs in response to the subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights

3

under the Copyright Act as set forth in the Complaint.

3. Plaintiffs' shall serve Level 3 Communications, LLC with a copy of this Order along with the subpoena.

4. If Level 3 Communications, LLC wishes to move to quash the subpoena, it must do so within ten days of being served with it.

DATED at Denver, Colorado, this 7th day of April, 2004.

BY THE COURT:

Walker D. Miller
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

CERTIFICATE OF MAILING

Case No. 04-WM-548

Copies of this Order were served by delivery, or depositing the same in the United States mail, postage prepaid, addressed to the persons listed below:

Richard L. Gabriel
Timothy M. Reynolds
Holme Roberts & Owen LLP
DC Box 7

Magistrate Judge Patricia Coan

Dated: April 8, 2004